## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TYRONE HAYES PITTS,

       Plaintiff,

v.                                      No. CV 20-1205 CG

KILOLO KIJAKAZI,[1]
Commissioner of the
Social Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Tyrone Hayes Pitts's *Motion to Reverse and Remand, with Supporting Memorandum*, (Doc. 23), (the "Motion"), filed June 29, 2021; and Defendant Commissioner Kilolo Kijakazi's *Response to Plaintiff's Motion to Reverse and/or Remand* (the "Response"), (Doc. 25), filed August 30, 2021. Mr. Pitts filed no reply in support of his Motion, and the time for doing so has passed. *See* (Doc. 27) (extending the time for Mr. Pitts to file a reply to October 14, 2021; *see also* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response.").

Mr. Pitts applied for supplemental security income on July 17, 2018, alleging disability beginning January 25, 2018. (Administrative Record "AR" 203). In his application, Mr. Pitts claimed he was limited in his ability to work due to post-traumatic stress disorder, memory loss, and bipolar disorder. (AR 228). Mr. Pitts's application was denied initially on December 13, 2018, (AR 128-130), and upon reconsideration on April

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

18, 2019, (AR 134-140). Mr. Pitts requested a hearing before an Administrative Law Judge ("ALJ"), (AR 141-143), which, due to the COVID-19 pandemic, was held by telephone on March 25, 2020, before ALJ Jeffrey Holappa, (AR 22, 159, 192).

At the hearing, Mr. Pitts appeared by telephone before ALJ Holappa with his then-attorney Mark Regazzi and with impartial vocational expert ("VE") Zachariah R. Langley. (AR 22). ALJ Holappa issued his decision on April 23, 2020, finding Mr. Pitts not disabled at any time between his alleged disability onset date through the date of ALJ Holappa's decision. (AR 29-30). Mr. Pitts then requested review of ALJ Holappa's decision before the Appeals Council, which was denied on September 18, 2020. (AR 1-6). Mr. Pitts now challenges ALJ Holappa's April 23, 2020 decision denying his claim for supplemental security income. *See* (Doc. 23).

In his Motion, Mr. Pitts argues ALJ Holappa committed four errors: (1) he failed to incorporate into his RFC assessment the "several severe mental health impairments" he identified earlier in his decision or to explain their omission; (2) he failed to develop the record by obtaining crucial medical evidence; (3) he failed to incorporate into his RFC assessment the limitations prescribed by agency psychologists James Sturgis, Ph.D. and Cynthia Kampshaefer, Psy.D., despite finding both persuasive, or to explain their omission; and (4) he failed to properly weigh two medical opinions, which predated the alleged onset date by several years—the 2014 evaluation by Mark Arcuri, Ph.D. and the 2015 evaluation by Eligio Padilla, Ph.D.[2] (Doc. 23 at 15-21).

The Court has reviewed the Motion, the Response, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because

---

[2] These evaluations were part of the record for Mr. Pitts's prior SSI application. *See* (Doc. 23 at 6, n.2); (Doc. 25 at 12); (AR 28).

ALJ Holappa committed harmful legal error, the Court finds Mr. Pitts's Motion is well-taken and should be **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

## I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Hum. Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision. *See* 42 U.S.C. § 405(g) (2018). Therefore, when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision for purposes of judicial review. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) (citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760 (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir.1989)) (internal quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (internal quotation marks omitted). While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citing *Sisco v. United States Dep't of Health and Human Servs.*, 10 F.3d 739, 741 (10th Cir.1993); *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994)). However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (quotation marks omitted).

## II.   Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income, a claimant establishes a disability when they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In order to determine whether a claimant is disabled, the Commissioner

4

follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) they are not engaged in "substantial gainful activity"; (2) they have a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) their impairment(s) meet or equal one of the "listings" of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1.; or (4) they are unable to perform their "past relevant work." 20 C.F.R. § 416.920(a)(4)(i-iv); *see also Grogan*, 399 at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation. 20 C.F.R. § 416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## III.   Background

In his application, Mr. Pitts claimed he was limited in his ability to work due to post-traumatic stress disorder, memory loss, and bipolar disorder. (AR 228). At step one, ALJ Holappa determined Mr. Pitts had not engaged in substantial gainful activity since July 17, 2018, the alleged disability onset date. (AR 24). At step two, ALJ Holappa found Mr. Pitts had the severe impairments of unspecified bipolar disorder, unspecified neurocognitive disorder, unspecified anxiety disorder, mood disorder, and a cognitive disorder. (AR 24).

At step three, ALJ Holappa determined Mr. Pitt's impairments, solely or in

5

combination, did not meet or equal one of the listed impairments in 20 C.F.R. §
416.920(d), 416.925, and 416.926. (AR 25). ALJ Holappa then found Mr. Pitts had the
RFC to perform a full range of work at all exertional levels but with the following
nonexertional limitations:

> [U]nderstanding, remembering, and carrying out simple, routine, and
> repetitive tasks[,] . . . making simple work-related decisions, and dealing
> with changes in a routine work setting[,] . . . maintain[ing] concentration,
> persistence, and pace for at least two-hour intervals, and . . . occasional
> interactions with others including supervisors, coworkers, and the general
> public.

(AR 26).

In formulating Mr. Pitts's RFC, ALJ Holappa stated he considered his symptoms
and the extent to which those symptoms could reasonably be accepted as consistent
with objective medical and other evidence, as required by 20 C.F.R. § 416.929, and
Social Security Ruling ("SSR") 16-3p. (AR 26). ALJ Holappa stated he also considered
opinion evidence, consistent with the requirements of 20 C.F.R. § 416.927. (AR 26). He
concluded that while some of Mr. Pitts's impairments could be expected to cause his
alleged symptoms, the intensity, persistence, and limiting effects Mr. Pitts described
were not entirely consistent with the evidence in the record. (AR 27).

In evaluating the opinion evidence, as well as the prior administrative medical
findings, ALJ Holappa stated, "I cannot defer or give any specific evidentiary weight,
including controlling weight, to any prior administrative medical findings or medical
opinions, including those from medical sources." (AR 27). ALJ Holappa found
persuasive Drs. Sturgis and Kampshaefer's opinions that Mr. Pitts is moderately limited
in the following areas: understanding, remembering or applying information; interacting
with others; concentrating, persisting, or maintaining pace; and adapting or managing

oneself. (AR 27); *see also* (AR 90). ALJ Holappa also found persuasive Drs. Sturgis and Kampshaefer's RFC findings that Mr. Pitts is limited to unskilled work with reduced social interactions. (AR 27).

ALJ Holappa found the opinion of consultative examiner Amy DeBernardi, Psy.D. to be somewhat persuasive. (AR 28). In particular, he found Dr. DeBernardi's opinion that Mr. Pitts is limited to unskilled work with limited social interactions to be generally consistent with the record. (AR 28). However, ALJ Holappa found the rest of her opinion was only partly supported by the record. (AR 28).

ALJ Holappa noted that the Disability Determination Services ("DDS") previously considered the opinions of Drs. Padilla and Arcuri. (AR 28). Nevertheless, ALJ Holappa found Dr. Padilla's opinion to be "an overstatement" where Dr. Padilla determined Mr. Pitts was markedly limited in his ability to work without supervision, to interact with the public, with coworkers, and with supervisors, and to adapt to changes in the workplace. (AR 28); *see also* (AR 347). ALJ Holappa found Dr. Acuri's opinion that Mr. Pitts suffers no work-related limitation, except that rote activities may be appropriate, to be consistent with ALJ Holappa's RFC assessment. (AR 28); *see also* (AR 335-344).

At step four, ALJ Holappa found Mr. Pitts incapable of performing his past relevant work as a taxi driver. ALJ Holappa proceeded to step five, finding Mr. Pitts to be a "younger individual" who has at least a high school education, and that he can communicate in English. (AR 28). ALJ Holappa found, given VE Langley's testimony and Mr. Pitts's age, education, work experience, and assessed RFC, that Mr. Pitts could perform other work as an industrial janitor, dishwasher, or hand packager. (AR 29). After finding Mr. Pitts able to perform other work existing in significant numbers in the

national economy, ALJ Holappa concluded he was "not disabled" as defined by 20

C.F.R. § 416.920(g). (AR 29).

## IV.   Discussion

In his Motion, Mr. Pitts presents four arguments. *See* (Doc. 23 at 15-21). First, he

contends ALJ Holappa identified "several severe mental health impairments[,]" yet failed

to either incorporate them into his RFC assessment or explain his decision to omit them.

(Doc. 23 at 15). The Commissioner acknowledges that ALJ Holappa identified moderate

limitations in Mr. Pitts's ability to concentrate but argues that ALJ Holappa accounted for

these limitations by restricting Mr. Pitts to "simple, routine, and repetitive tasks—

unskilled work[.]" (Doc. 25 at 2, 12-13).

Second, Mr. Pitts claims ALJ Holappa failed to develop the medical record,

because he neither attempted to obtain records nor instructed then-counsel to obtain

records related to Mr. Pitts's July 1 and July 15, 2019, counseling sessions, records of

the neuropsychological evaluation performed by Dr. Kol Haskin, and records from Rio

Grande Counseling of the weekly sessions Mr. Pitts attended since July 2019. (Doc. 23

at 17-18). The Commissioner contends ALJ Holappa "had sufficient evidence to make a

disability determination without further developing the record." (Doc. 25 at 15). The

Commissioner further argues that Mr. Pitts "cannot fault [] ALJ [Holappa] now after

failing to put [him] on notice that there could be missing records at the appropriate time."

*Id.* at 16.

Third, Mr. Pitts argues that, despite finding the opinions of Drs. Sturgis and

Kampshaefer persuasive, ALJ Holappa failed to incorporate into his RFC assessment

their finding that Mr. Pitts is limited to "no public contact and superficial interactions with

supervisors and coworkers." (Doc. 23 at 19). The Commissioner argues that the RFC assessment is consistent with this finding, because it limits Mr. Pitts "to only occasional interaction with supervisors, coworkers, and the general public." (Doc. 25 at 10-11).

Finally, Mr. Pitts argues that ALJ Holappa failed to assign any weight to the opinions of Drs. Padilla and Arcuri, and further that he failed to discuss Dr. Arcuri's finding "that Mr. Pitts needs to be able to work at his own pace in an untimed or loosely timed work environment . . ." (Doc. 23 at 20). The Commissioner contends that ALJ Holappa was not required to assign these opinions any specific weight or further consider these doctors' treatment notes, because "these records were from a prior adjudicative period when [Mr. Pitts] was previously determined to be not disabled." (Doc. 25 at 12).

A.     *Moderate Limitations in Mr. Pitts's Ability to Concentrate, Persist or Maintain Pace, and Adapt or Manage Himself*

Mr. Pitts argues that despite the fact that ALJ Holappa identified moderate limitations in Mr. Pitts's ability to concentrate, persist or maintain pace, and adapt or manage himself, among other limitations, at step three, ALJ Holappa failed to either incorporate these limitations into his RFC assessment or explain their omission. (Doc. 23 at 5). The Commissioner contends that ALJ Holappa did in fact account for these limitations by restricting Mr. Pitts to "simple, routine, and repetitive tasks—unskilled work[.]" (Doc. 25 at 2, 12-13). The parties do not dispute whether ALJ Holappa properly assessed these limitations as moderate but instead whether he adequately accounted for them in his RFC determination. *See* (Doc. 23 at 15-16); (Doc. 25 at 12-15). As such, the Court construes Mr. Pitts's argument to be that ALJ Holappa failed to incorporate these moderate limitations identified by Drs. Sturgis and Kampshaefer into the RFC or

to explain their omission, rather than that ALJ Holappa failed to incorporate his own step three findings into his step four RFC assessment. *See Gonzales v. Berryhill*, 1:16-cv-1225 CG, 2017 WL 5612363, at *7 (D.N.M. Nov. 21, 2017) ("ALJs are not necessarily required to include limitations found at steps two and three of the SEP in their RFC assessments.") (citing SSR 96-8p, 1996 WL 374184, at *4).

       *i.*    *ALJ Holappa's Persistence, Concentration, and Pace Assessment*

Drs. Sturgis and Kampshaefer completed mental RFC assessments of Mr. Pitts on November 30, 2018, and April 16, 2019, respectively, using the Social Security Administration's Mental Residual Functional Capacity Assessment ("MRFCA") form.[3] *See generally* (AR 84-113). In Section I of the MRFCA form, Drs. Sturgis and Kampshaefer each found, in relevant part, that Mr. Pitts is moderately limited in his ability to maintain attention and concentration for extended periods. (AR 93, 110). Then, in Section III, they opined that Mr. Pitts "can remember, understand, and carry out simple tasks without routine supervision[;] can relate to supervisors and peers on a superficial work basis[;] [and] cannot tolerate active involvement with the general public." (AR 94, 111).

ALJ Holappa found, at step three, that Mr. Pitts is moderately limited in his ability

---

[3] The MRFCA form contains three sections. *See* Program Operations Manual System ("POMS") DI 24510.060. "Section I is for recording summary conclusions derived from the evidence in the file and directs that detailed explanation of the degree of limitation for each category is to be recorded in Section III." *Carver v. Colvin*, 600 F. App'x 616, 618 (10th Cir. 2015) (unpublished) (internal quotation marks omitted). "The purpose of Section I is chiefly to have a worksheet to ensure that the [doctor] has considered each of these pertinent mental activities and the claimant's . . . degree of limitation." *Nelson v. Colvin*, 655 F. App'x 626, 628-29 (10th Cir. 2016). The purpose of Section III is to state, among other things, "[t]he extent to which the individual can still perform and sustain specific mental activities and mental functions." POMS Di 24510.061. The MRFCA forms used no longer labels these portions Section I and Section III, but rather they have been incorporated into the Social Security Administration's disability processing program and remain in use for litigation purposes. *See Silva v. Colvin*, 203 F. Supp. 3d 1153, 1164, n.5 (D.N.M. 2016).

to concentrate and persist or maintain pace, explaining that Mr. Pitts watches television, reads, and does crossword puzzles. (AR 25). Then at step four, ALJ Holappa relied on Drs. Sturgis and Kampshaefer—who he found persuasive—in concluding that Mr. Pitts "is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks[,]" and that "[h]e can maintain concentration, persistence, and pace for at least two-hour intervals[.]" (AR 26).

The issue, therefore, is whether limiting Mr. Pitts to unskilled work and to maintaining concentration, persistence, and pace for two-hour intervals adequately accounts for his moderate limitations in this area.

ii.    *Analysis*

While it holds true that an ALJ cannot "pick and choose" through a medical opinion, taking only the parts that are favorable to a finding of nondisability, an ALJ is generally not required to delineate the direct correspondence between an RFC finding and a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288, 1292 (10th Cir. 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Nevertheless, an ALJ must at least explain her decision in a manner that is "sufficiently specific to [be] clear to any subsequent reviewers." *Langley*, 373 F.3d at 1119 (citation omitted); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

The Tenth Circuit has held that generally "an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity." *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016); *see also Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (holding that a claimant's moderate mental limitations in concentration, persistence, and pace were sufficiently taken into account

11

by a restriction to unskilled work). Thus, in certain circumstances, limiting a claimant to unskilled or simple work can be understood as incorporating moderate mental limitations assessed by the claimant's physician.

However, the Tenth Circuit has also held that where an ALJ relies on a Section III narrative opinion for his RFC finding, but the narrative opinion "fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the [opinion] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver*, 600 F. App'x at 619. As such, when an ALJ relies on a doctor's Section III narrative, the court must analyze whether the Section III narrative "adequately encapsulates" the moderate limitations in Section I of the doctor's opinion. *Id.*; *see also Lee v. Colvin*, 631 F. App'x 538, 541 (10th Cir. 2015) ("[T]he ALJ should [not] turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III.").

In both their Section I findings, Drs. Sturgis and Kampshaefer found Mr. Pitts had different limitations in the various abilities listed under the "sustained concentration and persistence limitations" category, ranging from "not significantly limited" to "markedly limited." (AR 93-94, 109-111). For instance, they found Mr. Pitts to be not significantly limited in the discrete ability to "sustain an ordinary routine without special supervision," whereas they found him to be markedly limited in the ability to "carry out detailed instructions." (AR 93, 110). Importantly, in the "maintain attention and concentration for extended periods of time" ability, they found Mr. Pitts to be moderately limited. (AR 93, AR 110). Then, at the end of the category for "sustained concentration and persistence

limitations," they indicated that their narrative opinion for their findings was located in Section III. (AR 94, 111). In Section III, they state that Mr. Pitts "can remember, understand, and carry out simple tasks without routine supervision[;] can relate to supervisors and peers on a superficial work basis[;] [and] cannot tolerate active involvement with the general public." (AR 94, 111).

While Drs. Sturgis and Kampshaefer accounted for some of their Section I findings in their Section III narratives, their Section III narratives do not appear to adequately address how Mr. Pitts's moderate limitations in maintaining attention and concentration for extended periods of time affects his RFC. Moreover, the Commissioner fails to cite any authority supporting the position that limiting a claimant to unskilled work without routine supervision in Section III can sufficiently account for these limitations. Because Drs. Sturgis and Kampshaefer's Section III narratives do not encapsulate these limitations, ALJ Holappa erred in relying on their opinions as substantial evidence supporting this portion of his RFC determination. *See Mahboub v. Saul*, 1:19-cv-1216 JHR, 2021 WL 2209888, at *12 (D.N.M. June 1, 2021) ("The Tenth Circuit has made clear that, so long as a consultant's Section III findings reflect Section I limitations, a reviewing court is to 'compare the administrative law judge's findings to [the doctor's] opinion on residual functional capacity, not her notations on moderate limitations.'") (quoting *Smith*, 821 F.3d at 1269, n.2); *see also Fulton v. Colvin*, 631 Fed. App'x 498, 502 (10th Cir. 2015) ("Where a psychologist's Section III narrative does not contradict any Section I limitations and describes the effect each Section I limitation would have on the claimant's mental RFC, the ALJ may properly look to only the Section III narrative as the psychologist's opinion regarding mental RFC."); *Lee*, 631 F.

App'x at 541 ("[T]he ALJ should [not] turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III.");

Similar cases in this District have reached similar conclusions. In *Vienna v. Saul*, 2:18-cv-783 LF, 2019 WL 4686718 (D.N.M. Sept. 26, 2019), for instance, a doctor's Section I of the MRFCA found the claimant had moderate limitations in the following abilities: understanding and remembering detailed instructions; carrying out detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; interacting appropriately with the general public; and responding appropriately to changes in the work setting. *Id.* at *5. The doctor's Section III opined that:

> From a mental standpoint, objective medical evidence does not support marked impairment in adaptive functioning. Though the clmt may have some problems functioning, symptoms do not preclude clmt from engaging in simple, repetitive, routine tasks. After review of the evidence in the file, the overall [medical evidence of record] supports a rating of unskilled capacity.

*Id.* The Court found that Section III failed to address the limitations in performing activities within a schedule and completing a normal workday and workweek without interruptions. *Id.* at 6. For that reason, the Court reversed. *Id.* at 8. *See also*, *e.g.*, *Gonzales*, 2017 WL 5612363, at *3-6 (finding that an RFC restriction to understanding, remembering, and carrying out simple instructions, making commensurate work-related decisions, and maintaining concentration, persistence, and pace for two hours at a time throughout an eight-hour workday did not adequately encapsulate a moderate limitation

in maintaining attention and concentration for extended periods of time, among others); *Bosse v. Saul*, 2:18-cv-475 LF, 2019 WL 3986046, at \*7-8 (D.N.M. Aug. 23, 2019) (rejecting the Commissioner's argument that a limitation to "unskilled work" adequately accounts for a moderate limitation in concentration, persistence, and pace).

Mr. Pitts's moderate limitations concerning his ability to maintain attention, concentration, and persistence or pace are not adequately addressed by ALJ Holappa's RFC assessment limiting him to unskilled work, or by any of the limitations ALJ Holappa included in his RFC. *See Silva*, 203 F. Supp. 3d at 1164 (explaining that "[w]hile some . . . cases suggest an ALJ may rely exclusively on the Section III findings, they do so with an important caveat: the Section III findings must adequately account for the Section I findings"); *cf. Vigil*, 805 F.3d at 1203-04 (10th Cir. 2015) (where consultative examiner found moderate limitations in memory and concentration and then adequately opined on how those limitations would affect claimant's abilities, ALJ's RFC assessment limiting claimant to unskilled work was proper).

The ability to maintain attention, concentration, and persistence or pace are abilities needed for any job. *See* POMS 25020.010(B)(2). In fact, the ability to "maintain attention for extended periods of two-hour segments" is critical for performing unskilled work, which is the type of work to which ALJ Holappa limited Mr. Pitts. POMS 25020.010(B)(3)(d). A restriction that adequately encapsulates a moderate limitation in this area would thus expand beyond a mere limit to unskilled work. *See Chapo*, 682 F.3d at 1290, n.3 (explaining that unskilled work "just account[s] for issues of skill transfer, not impairment of mental functions—which are not skills, but rather, general prerequisites for most work at any skill level").

Therefore, the Court finds that ALJ Holappa erred by not incorporating the foregoing moderate mental limitations into Mr. Pitts's RFC or explaining his reason for rejecting them. Accordingly, ALJ Holappa's decision was not supported by substantial evidence and thus constitutes harmful and reversible error, warranting remand. The Court will not address the parties' remaining arguments.

## V.   Conclusion

For the foregoing reasons, the Court finds ALJ Holappa committed harmful legal error when he failed to incorporate into his RFC assessment the moderate limitations in Mr. Pitts's ability to maintain attention, concentration, and persistence or pace, or to explain their omission. Because the Court finds this is a harmful error, the Court will not address the parties' remaining arguments.

**IT IS THEREFORE ORDERED** that Mr. Pitts's *Motion to Reverse and Remand, with Supporting Memorandum*, (Doc. 23), is **GRANTED** and this case is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE